Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| D C VERRENGIA<br><br>Recurrida<br><br>v.<br><br>JUSTIN ANTHONY VERRENGIA<br><br>Peticionario | TA2025CE00669 | *CERTIORARI*<br>Procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Civil Núm.: BY2022RF00483<br><br>Sobre: Custodia/Pensión Excónyuge/ Alimentos |
|---|---|---|

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Álvarez Esnard y la Jueza Díaz Rivera

Álvarez Esnard, jueza ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 24 de octubre de 2025.

Comparece ante nos, por derecho propio, el señor Justin Anthony Verrengia ("Peticionario") mediante *Petición de Certiorari [...]* presentada el 24 de octubre de 2025. Nos solicita la revisión de la *Resolución* emitida el 6 de octubre de 2025, notificada al día siguiente, la *Orden* emitida y notificada el 15 de octubre de 2025 y la *Orden* emitida y notificada el 21 de octubre de 2025 por el Tribunal de Primera Instancia, Sala Superior de Bayamón ("foro primario" o "foro *a quo*"). En virtud de los referidos dictámenes, el foro primario determinó no aceptar la autorrepresentación del Peticionario y le concedió un término de treinta (30) días para anunciar nueva representación legal. En igual fecha, el Peticionario presentó ante esta Curia *Solicitud de Suspensión de Emergencia (Regla 79-Auxilio de Jurisdicción) Para Suspender la Ejecución de las Ordenes del Tribunal de Familia (Entradas 584, 594, 602).*

Hemos deliberado los méritos del recurso y concluimos declinar la invitación a intervenir con la decisión del foro primario.

A pesar de que este Tribunal de Apelaciones no tiene que fundamentar su determinación al denegar un recurso de Certiorari, en ánimo de que no quede duda en la mente de las partes sobre los fundamentos al denegar ejercer nuestra facultad revisora, abundamos.

Luego de evaluar detenidamente el expediente ante nos, no encontramos indicio de que el foro recurrido haya actuado de forma arbitraria, caprichosa, haya abusado al ejercer su discreción, o cometido algún error de derecho. Trans-Oceanic Life Ins. v. Oracle Corp., 184 DPR 689, 709 (2012).

Además, no identificamos fundamentos jurídicos que nos muevan a expedir el auto de *Certiorari* solicitado, conforme a los criterios que guían nuestra discreción para ejercer nuestra facultad revisora en este tipo de recurso. Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendado, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025).

Por los fundamentos antes expresados, **denegamos** la expedición del auto de Certiorari solicitado, así como la solicitud en auxilio de jurisdicción.

Notifíquese inmediatamente.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones